UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| CORY L. MURRAY, TDOC # 344355 ) | |
| ) | |
| v ) | NO. 2:09-CV-225 |
| ) | Greer/Inman |
| SULLIVAN COUNTY SHERIFF'S ) | |
| OFFICE, MAJOR BRENDA HENSLEY, ) | |
| LT. DILLARD, OFFICER CRAWFORD, ) | |
| SGT. STIDHAM, OFFICER FIELDS, ) | |
| CPL. MCMAHN, OFFICER HOLLY, ) | |
| OFFICER DAVENPORT and CPT. MILLER ) | |

**MEMORANDUM and ORDER**

Cory L. Murray, a state prisoner in the Sullivan County Detention Center, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging the violation of rights secured to him by the United States Constitution. Plaintiff has also submitted an application to proceed *in forma pauperis*, which reflects that he lacks sufficient financial resources to pay the required filing fee all at once. Plaintiff, however, is not relieved of the ultimate responsibility of paying the fee and therefore is **ASSESSED** the civil filing fee of $350.00.

The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and

(B). Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 under has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Remittances should be mailed to the <u>Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

The Clerk is **DIRECTED** to send a copy of this order to the custodian of the plaintiff's inmate trust account at the facility wherein he is housed to ensure compliance with above fee-collection procedures.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

As an initial matter, one defendant, the Sullivan County Sheriff's Office, is a non-suable entity. This is so because that organization has no legal or corporate existence apart from Sullivan County and, thus, does not qualify as a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

The two claims presented in plaintiff's complaint are predicated upon the following factual allegations. On August 8, 2009, without necessary cause, defendant Officer Holly shoved plaintiff several times outside of the medical room and punched him in the eye,

2

causing him severe anxiety and mental anguish. On August 26, 2009, after plaintiff had complied with defendant Lieutenant Dillard's orders and was lying on the ground with his hands behind his back, defendant Dillard and "sead" (sic) officers assaulted plaintiff with a pepper ball gun, shooting him six times in the back and once on his right thumb, leaving him seriously injured and scarred. Both incidents, which were caught on video, involved, so plaintiff claims, excessive force.

Punishments which involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. A claim such as this is composed of two components: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). The subjective inquiry is focused on whether the use of force constitutes punishment which, in turn, depends upon the officer's intent (i.e., whether force was used in good faith to restore order or maliciously and sadistically for the very purpose of causing harm). *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

On their face, these allegations appear to state a colorable constitutional claim and do not appear to be frivolous or malicious.

Accordingly, the Clerk is **DIRECTED** to send plaintiff service packets for the remaining defendants. (Each packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure

3

to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Finally, plaintiff's request for appointment of counsel contained in the "Relief" section of the complaint is **DENIED**, as the factual allegations here do not appear to present the type of extraordinary case which warrants appointed counsel. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

    **ENTER**:

                                          s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE